AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| V. | **ORDER OF DETENTION PENDING TRIAL** |
| JULIO GONZALEZ | Case Number:  07-158-UNA |
| *Defendant* | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed -  that is

    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

    ☐ an offense for which the maximum sentence is life imprisonment or death.

    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

    _____*

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

## Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense

    for which a maximum term of imprisonment of ten years or more is prescribed in _____ .

    under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.

  (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED

DEC - 3 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  ☐ clear and convincing evidence  X a preponderance of the evidence  that

Based on the report of the Probation Office, and other information provided to the Court at the detention hearing, the Court finds that the government has proven by a preponderance of the evidence finds that no combination of conditions could reasonably assure that the Defendant would appear for all Court events in this matter.

The Court has reached these conclusions based on the following findings and for the following reasons:

the nature and circumstances of the offense: the Defendant has been indicted on five counts, all of which relate to possession or transfer of identification documents, including knowingly forging and transferring a Resident Alien card, buying and selling a social security card, and possessing with intent to transfer five or more identification documents.

the weight of the evidence: is strong. A grand jury found probable cause. Moreover, the affidavit in support of the related criminal complaint describes an undercover operation during which the Defendant promised or arranged to sell identification documents.

the history and characteristics of the Defendant: Defendant came to this country legally from Ecuador but overstayed his visa. There is an ICE detainer on him. If he is not detained, there is a chance that he will be deported before this case can be concluded, meaning release may lead to his non-appearance at future proceedings. As the Defendant is facing a likelihood of either deportation or prison time, and apparently has access to false identification documents, there is a significant risk that, if released, he would not appear for all proceedings. This risk persists despite the Defendant's age (61), his extensive family contacts within this District, his employment as a teacher, and has prior apparently positive contacts with the federal and local government.

the nature and seriousness of the danger to the community that would be posed by the Defendant's release: this factor does not strongly support detention in this case.

AO 472 (Rev. 12/03) Order of Detention Pending Trial

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

December 3, 2007
_____
Date

_____
*Signature of Judge*

**Leonard P. Stark U.S. Magistrate**
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).