## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,      :

                     :

         Plaintiff,       :

                     :

     v.               :      Criminal Action No. 07-158-GMS

                     :

JULIO GONZALEZ,          :

                     :

         Defendant.     :

## PROPOSED JURY INSTRUCTIONS

The parties, through undersigned counsel, hereby move the Court to consider the following jury instructions. The parties respectfully reserve the right to request a modification of the instructions herein provided or to request any other such additional instructions suggested by the evidence. Per the prior Order of the Court, a disk containing an electronic copy of these jury instructions will be delivered to chambers under separate cover.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY:     /s/ _____

Keith M. Rosen
Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, Delaware 19801
(302) 573-6277

Attorney for Plaintiff

Dated: August 20, 2008

## PRELIMINARY INSTRUCTIONS

Members of the jury: Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

### Duty of Jury

It will be your duty to find from the evidence what the facts are. You, and you alone, are the judges of the facts. You will then have to apply to those facts the law as I will give it to you. You must follow that law whether you agree with it or not. Nothing I may say or do during the course of the trial is intended to indicate nor should be taken by you as indicating what your verdict should be.

### Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to or that the Court may instruct you to find. The following things are not evidence and must not be considered by you:

1.    Statements, arguments, and questions by lawyers are not evidence.

2.    Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If I instruct you that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.    Testimony that I have excluded or told you to disregard is not evidence and must

1

not be considered.

4.      Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but have in mind that you may consider both kinds of evidence. It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness' testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

**Rules for Criminal Cases**

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, a defendant is presumed innocent unless proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government throughout the case. A defendant does not has the burden of proving his innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you in arriving at your verdict from considering that the defendant may not have testified.

Third, in order to prove the defendant guilty, the government must prove his guilt beyond

2

a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

### Summary of Applicable Law

In this case the defendant is charged with various violations of the federal laws against the sale of identity and immigration documents. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence I will now give you a brief summary of the elements of the offenses that the government must prove to make its case.

In Count One, the indictment charges the defendant with falsely making a Resident Alien card. The essential elements of this offense, each of which the government must prove beyond a reasonable doubt are:

**First:**     The defendant forged, counterfeited, altered, or falsely made a document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States.

**Second:**     The defendant acted knowingly.

In Count Three, the indictment charges the defendant with unlawfully possessing with intent to sell a Social Security card. The essential elements of this offense, each of which the government must prove beyond a reasonable doubt are:

**First:**     The defendant bought or sold a card that was, or purported to be, issued by the Commissioner of Social Security; or possessed such a card with the intent to sell it.

**Second:**     The defendant did so for the purpose of obtaining for himself or another

3

person a payment or other benefit for which he (or the other person) was

not entitled; or for the purpose of obtaining a thing of value; or for another

purpose.

**Third**:        The defendant acted knowingly.

In Counts Two and Four, the indictment charges the defendant with aggravated identity

theft. The essential elements of this offense, each of which the government must prove beyond a

reasonable doubt are:

**First**:        The defendant knowingly transferred, possessed, or used, without lawful

authority, a means of identification of another person.

**Second**:        The defendant did so during and in relation to the forgery of immigration

documents (as charged in Count I), or the unlawful sale of a Social

Security card (as charged in Count III).

In Count Five, the indictment charges the defendant with possessing with intent to

transfer five or more identification documents. The essential elements of this offense, each of

which the government must prove beyond a reasonable doubt are:

**First**:        The defendant possessed five or more identification documents, other than

those issued lawfully for the use of the defendant.

**Second**:        The identification documents were, or appeared to have been issued by or

under the authority of the United States; or the defendant's use or transfer

of these documents was in or affecting interstate or foreign commerce.

**Third**:        The defendant acted knowingly, with the intent to transfer the

identification documents.

4

### Conduct of the Jury

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the Court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your

memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day. And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

### Course of the Trial

The trial will now begin. First, the prosecutor will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses and counsel for defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

Model Preliminary Jury Instructions (Criminal Cases), Honorable Gregory M. Sleet (rev. 5/21/08).

## INSTRUCTIONS TO BE GIVEN DURING TRIAL

### Audio Recordings - Consensual

(to be given upon introduction of said evidence)

You are about to hear audio recordings of conversations with the defendant made without his knowledge.   These recordings were made with the consent and agreement of one of the other parties to the conversations.

The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

Model Criminal Jury Instructions, 3d Circuit, § 2.05.

7

## Audio Recordings - Transcripts in Foreign Language

(to be given upon introduction of said transcripts)

You are about to listen to an audio recording in Spanish. Each of you has been given a transcript of the recording which has been admitted into evidence. The transcript is a translation of the foreign language recording.

Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning.

The transcripts name the speakers. But remember, you must decide who is actually speaking in the recording. The names on the transcript are used simply for your convenience.

Model Criminal Jury Instructions, 3d Circuit, § 2.08.

8

## FINAL INSTRUCTIONS

### Role of the Jury

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

Model Criminal Jury Instructions, 3d Circuit, § 3.01.

9

### Evidence

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1)     The testimony of the witnesses;

(2)     Documents and other things received as exhibits;

(3)     Any fact or testimony that was stipulated; that is, formally agreed to by the parties; and

(4)     Any facts that have been judicially noticed – that is, facts which I say you may accept as true even without other evidence.

The following are not evidence:

(1)     The indictment;

(2)     Statements and arguments of the lawyers for the parties in this case;

(3)     Questions by the lawyers and questions that I might have asked;

(4)     Objections by lawyers, including objections in which the lawyers stated facts;

(5)     Any testimony I struck or told you to disregard; and

(6)     Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case.

11

Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

Model Criminal Jury Instructions, 3d Circuit, § 3.02.

### Direct and Circumstantial Evidence

Two types of evidence have been used in this trial, "direct evidence" and "circumstantial evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

13

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

Model Criminal Jury Instructions, 3d Circuit, § 3.03.

### Credibility of Witnesses

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.   In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1)    The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2)    The quality of the witness' knowledge, understanding, and memory;

(3)    The witness' appearance, behavior, and manner while testifying;

(4)    Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5)    Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6)    Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7)     Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8)     Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

Model Criminal Jury Instructions, 3d Circuit, § 3.04.

## **Not All Evidence, Not All Witnesses Needed**

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

[*In this case, the defendant presented evidence and produced witnesses.*] The defendant is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

Model Criminal Jury Instructions, 3d Circuit, § 3.05.

### Presumption of Innocence; Burden of Proof; Reasonable Doubt

The defendant pleaded not guilty to the offenses charged. The defendant is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with him unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of

18

importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

Model Criminal Jury Instructions, 3d Circuit, § 3.06.

## **Nature of the Indictment**

As you know, the defendant is charged in the Indictment with violating federal law, specifically with:

1.  Count I: Knowingly forging, counterfeiting, altering, or falsely making a Resident Alien card (I-551);

2.  Count II: Knowingly transferring, possessing, or using, without lawful authority, a means of identification of another person during and in relation to the violation alleged in Count I;

3.  Count III: Knowingly buying/selling a Social Security card for the purpose of obtaining a thing of value;

4.  Count IV: Knowingly transferring, possessing, or using, without lawful authority, a means of identification of another person during and in relation to the violation alleged in Count III;

5.  Count V: Knowingly possessing with the intent to transfer unlawfully five or more identification cards in or affecting interstate commerce.

As I explained at the beginning of trial, an Indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An Indictment is simply a description of the charges against a defendant. It is an accusation only. An Indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

Model Criminal Jury Instructions, 3d Circuit, § 3.07.

**On or About**

You will note that the Indictment charges that the offense was committed "on or about" a certain date. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

Model Criminal Jury Instructions, 3d Circuit, § 3.08.

21

## Separate Consideration--Single Defendant Charged with Multiple Offenses

The defendant is charged with several offenses; each offense is charged in a separate count of the Indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

Model Criminal Jury Instructions, 3d Circuit, § 3.12.

## **THE CHARGES**

### **Nature of the Charges – Introduction**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the particular crimes charged were committed by the defendant. Also keep in mind that whether anyone else should be prosecuted and convicted for their crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proven this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

Pattern Criminal Jury Instructions, 6th Circuit, § 2.01.

## COUNT I – COUNTERFEIT IMMIGRATION DOCUMENTS

Count I of the Indictment charges that from on or about January 2007 through October 2007, in the State and District of Delaware, the defendant did knowingly forge, counterfeit, alter, and falsely make a document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, that is, a Resident Alien card (I-551).

In order for you to find the defendant guilty of this offense, you must find that the government proved beyond a reasonable doubt each of the following two (2) elements:

**First:**     The defendant forged, counterfeited, altered, or falsely made a document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States.

**Second:**    The defendant acted knowingly.

Pattern Criminal Jury Instructions, 9th Circuit, § 8.166.

24

## COUNT III – SALE OF SOCIAL SECURITY CARD

Count III of the Indictment charges that from in or about September 2007 through November 15, 2007, in the State and District of Delaware, the defendant did knowingly buy and sell a card that was, or purported to be, issued by the Commissioner of Social Security, and did possess a Social Security card with the intent to sell it, for the purpose of obtaining for himself and another person a payment or any other benefit for which he or such other person was not entitled, and for the purpose of obtaining anything of value and for other purposes.

In order for you to find the defendant guilty of this offense, you must find that the government proved beyond a reasonable doubt each of the following three (3) elements:

**First:** The defendant bought or sold a card that was, or purported to be, issued by the Commissioner of Social Security; or possessed such a card with the intent to sell it.

**Second:** The defendant did so for the purpose of obtaining for himself or another person a payment or other benefit for which he (or the other person) was not entitled; or for the purpose of obtaining a thing of value; or for another purpose.

**Third:** The defendant acted knowingly.

Title 42, United States Code, Section 408(a)(7)(C).

25

## COUNTS II, IV – AGGRAVATED IDENTITY THEFT

Counts II and IV of the Indictment each allege violations of Title 18, United States Code, Section 1028A.

Count II charges that from on or about January 2007 through October 2007, in the State and District of Delaware, the defendant did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person during and in relation to a violation of 18 U.S.C. § 1546(a), as described in Count I.

Count IV charges that from on or about September 2007 through November 15, 2007, in the State and District of Delaware, the defendant did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person during and in relation to a violation of 42 U.S.C. § 408(a)(7)(C), as described in Count III.

In order for you to find the defendant guilty of this offense, you must find that the government proved beyond a reasonable doubt each of the following two (2) elements:

**First:**   The defendant knowingly transferred, possessed, or used, without lawful authority, a means of identification of another person.

**Second:**   The defendant did so during and in relation to the forgery of immigration documents (as charged in Count I), or the unlawful sale of a Social Security card (as charged in Count III).

The first element that the government is required to prove beyond a reasonable doubt refers to a means of identification. The term "means of identification" is defined as any name or number, including any name, social security number, alien registration number, or date of birth,

26

that may be used, alone or in conjunction with any other information, to identify a specific individual. The means of identification must be that of an actual person, living or dead.

To act "without lawful authority"means to act without the authorization of the issuing governmental entity to use the means of identification.

In order for you to find that the defendant's acts occurred "during and in relation to" an offense, you must find that the unauthorized use of the means of identification facilitated or played a role in the offense.

You have been advised as to the elements of Counts I and III. You may use the Court's definitions of the elements of those offenses in considering whether the defendant's actions facilitated or played a role in those offenses.

18 U.S.C. §§ 1028A, 1028(d)(7)(A); See 2 L. Sand, *et al.,* Modern Federal Jury Instructions at 39A-49 (2007).

27

## COUNT V – POSSESSION OF FIVE OR MORE
## IDENTIFICATION DOCUMENTS WITH INTENT TO TRANSFER

Count V of the Indictment charges that from on or about September 18, 2007 through

November 15, 2007, in the State and District of Delaware, the defendant did knowingly possess

with intent to transfer unlawfully five or more identification documents other than those issued

lawfully for the use of the defendant, that is, Social Security cards and birth certificates; said

identification documents were or appeared to have been issued by or under the authority of the

United States; and the transfer, possession, and use of said identification documents was in or

affected interstate or foreign commerce.

In order for you to find the defendant guilty of this offense, you must find that the

government proved beyond a reasonable doubt each of the following three (3) elements:

| | |
|---|---|
| **First:** | The defendant possessed five or more identification documents, other than those issued lawfully for the use of the defendant. |
| **Second:** | The identification documents were, or appeared to have been issued by or under the authority of the United States; or the defendant's use or transfer of these documents was in or affecting interstate or foreign commerce. |
| **Third:** | The defendant acted knowingly with the intent to transfer the identification documents. |

The term "identification document" means a document made or issued by, or under the

authority of, the United States government or a state or local government, which, when

completed with information concerning a particular individual, is of a type intended or

commonly accepted for the purpose of identification of individuals. A document is of a type

28

intended or commonly accepted for the purposes of identification of individuals if it is regularly used or accepted to identify the bearer as himself or herself.

To possess something means to have it within a person's control. This does not mean that the person must hold it physically, that is, have actual possession of it. As long as the documents were within the defendant's control, he possessed them. If you find that the defendant either had actual possession of the documents, or that he had the power and intention to exercise control over them, even though they were not in his physical possession, you may find that the government has proven possession.

The law also recognizes that possession may be sole or joint. If one person alone possesses something, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over the documents. That is called joint possession. If you find that the defendant had such power and intention, then he possessed the documents even if he possessed them jointly with another person.

The second element requires the government to prove beyond a reasonable doubt that either (a) the defendant's possession of the identification documents was in or affecting interstate commerce; or (b) that the defendant possessed documents which were (or appeared to be) issued by, or under the authority of, some agency of the United States government. You must be unanimous in deciding which, if any, of these the government has proven beyond a reasonable doubt. "Interstate commerce" means the movement of goods, services, money, or individuals between any two or more states, or between one state and a U.S. territory. To satisfy this element, the government must prove that the defendant's conduct affected interstate commerce, no matter how minimal. It is not necessary that each document separately affect interstate

commerce as long as you find that the defendant's possession of the documents affected interstate commerce in some way. The government is not required to prove that the defendant knew that he was affecting interstate commerce.

The third element which the government must prove beyond a reasonable doubt is that the defendant possessed the documents knowingly and with the intent unlawfully to transfer the identification documents. I will instruct you on the meaning of "knowingly" later. "Unlawfully" simply means contrary to law. So to do an act unlawfully means willfully to do something which is contrary to law. An act is done willfully if done voluntarily and intentionally, with the intent to do something that the law forbids, that is to say, with bad purpose either to disobey or disregard the law. The intent to transfer identification documents unlawfully is the intent to sell, pledge, distribute, give, loan, or otherwise transfer possession of the documents knowing that such documents were other than those issued lawfully for the use of the defendant.

See 2 L. Sand, *et al.,* Modern Federal Jury Instructions at 39A-13-18 (2007).

### **Venue**

The Indictment alleges that some acts in furtherance of the offenses charged occurred here in the District of Delaware. There is no requirement that all aspects of the offenses charged or the entire conspiracy take place here in the District of Delaware. But for you to return a guilty verdict, the government must convince you that some act in furtherance of each of the crimes charged took place here in the District of Delaware.

Unlike all the elements that I have described, this fact only has to be proved by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that some act in furtherance of each of the crimes charged took place here.

Remember that the government must prove all the elements I have described beyond a reasonable doubt.

Model Criminal Jury Instructions, 3d Circuit, § 3.09.

31

## **"Knowingly" Defined**

The offenses charged in the indictment require that the government prove that the defendant acted "knowingly" with respect to certain elements of the offenses. This means that the government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

In deciding whether he acted "knowingly," you may consider evidence about what the defendant said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

Model Criminal Jury Instructions, 3d Circuit, § 5.02 (modified).

## Proof Of Required State of Mind

Often the state of mind with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking. However, the defendant's state of mind can be proved indirectly from the surrounding circumstances. Thus, to determine the defendant's state of mind (what the defendant intended or knew) at a particular time, you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about the defendant's state of mind.

You may also consider the natural and probable results or consequences of any acts the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results or consequences. You may find, but you are not required to find, that the defendant knew and intended the natural and probable consequences or results of acts the defendant knowingly did. This means that if you find that an ordinary person in the defendant's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that the defendant did know and did intend that those consequences would result from his actions. This is entirely up to you to decide as the finders of the facts in this case.

Model Criminal Jury Instructions, 3d Circuit, § 5.01.

## DEFENSE

### Entrapment

The defendant has raised as a defense that he was entrapped by an agent of the government to commit the offenses charged in the indictment. A defendant may not be convicted of a crime if he or she was entrapped by the government to do the acts charged. The government is permitted to use undercover agents, deception, and other means of providing opportunities for an unwary criminally-minded person to commit a crime, but the law does not permit the government to induce an unwary innocent person into committing a criminal offense.

The defense of entrapment includes two inquiries:

**First**:       Did the government induce the defendant to commit the offense?

**Second**:       Was the defendant predisposed, that is, ready and willing to the commit the offense before he was first approached by the government?

It is the government's burden to prove beyond a reasonable doubt that the defendant was not entrapped; it is not the defendant's burden to prove that he was entrapped. Thus, you may find the defendant guilty of the offenses charged only if you find that, in addition to proving the elements of that offense, the government also proved beyond a reasonable doubt either (1) that the government did not induce the commission of the offense; or (2) that the defendant was predisposed, meaning that the defendant was ready and willing to commit the offense before the government agent first spoke to him about the crime.

You should first consider whether there is any evidence that the government induced the defendant to commit the offense. Government actions that could amount to inducement include persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or

34

pleas based on need, sympathy, or friendship. The government does not induce a person to commit an offense if the government merely approaches that person, or solicits, requests, or suggests that he or she commit the offense, or affords an opportunity or facilities to commit the offense. If you find that the government proved beyond a reasonable doubt that it did not induce the defendant to commit the offense, then you should find that there was no entrapment and you need not consider this defense any further.

However, if you do have a reasonable doubt about whether the government proved that it did not induce The defendant to commit the offense, then you must decide whether the government proved beyond a reasonable doubt that the defendant was predisposed – that is, that the defendant was ready and willing to commit the offense before the government first approached him about it. In deciding this question, you should consider all the evidence, including any evidence about whether the government initially suggested the criminal activity; the nature of the government's inducement or persuasion; whether the defendant had already formed an intent or design to commit the offense charged; whether the defendant was engaged in an existing course of criminal conduct similar to the offense charged; whether the defendant was engaged in criminal activity for profit; and whether the defendant showed a willingness to commit the offense or showed any reluctance that was overcome by repeated government inducement or persuasion *[and evidence of (name's) character or reputation, including a prior record of criminal convictions]*. If, after considering all the evidence, you have a reasonable doubt that the defendant would have committed the offense charged without the government's inducement, you should find the defendant not guilty.

Model Criminal Jury Instructions, 3d Circuit, § 8.05.
**Objection**:    Government objects to this instruction unless warranted by the evidence at trial.

## CONSIDERATION OF EVIDENCE

### Introduction

That concludes the part of my instructions explaining the elements of the crimes charged.

Next I will explain some rules that you must use in considering some of the testimony and

evidence.

## **Audio Recordings - Consensual**

During the trial you heard audio recordings of conversations with the defendant made without his knowledge.   These recordings were made with the consent and agreement of one of the other parties to the conversations.

The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

Model Criminal Jury Instructions, 3d Circuit, § 4.04.

## Audio Recordings - Transcripts in Foreign Language

During the trial, you listened to a tape recording in Spanish. Each of you was given a transcript of the recording which was admitted into evidence. The transcript was a translation of the foreign language tape recording.

Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning.

*[In the event of a dispute, the Court should add the following language to the instruction:*

*Whether a transcript is an accurate translation, in whole or in part, is for you to decide. In considering whether a transcript is an accurate translation of a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.]*

Model Criminal Jury Instructions, 3d Circuit, § 4.07.

38

## Credibility of Witnesses – Law Enforcement Officers

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his testimony may be colored by a personal or professional interest in the outcome of the case.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

Model Criminal Jury Instructions, 3d Circuit, § 4.18.

**Credibility of Witnesses – Testimony of Informer**

You have heard evidence that a witness has an arrangement with the government under which he/she receives payment or another benefit for providing information to the government. The testimony from this witness (these witnesses) was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who is paid or receives other benefits for providing information to the government, but you should consider the testimony of such a witness with great care and caution. In evaluating this testimony, you should consider this factor along with the others I have called to your attention. You may give the testimony such weight as you think it deserves. It is for you to determine whether or not the witness's information or testimony may have been influenced by his/her arrangement with the government.

Model Criminal Jury Instructions, 3d Circuit, § 4.20.

40

### Impeachment of Witness – Prior Inconsistent Statement for Credibility Only

You have heard the testimony of certain witnesses *(if only one witness was impeached with a prior inconsistent statement, include name of witness)*. You have also heard that before this trial *(they)(he)(she)* made *(statements)(a statement)* that may be different from *(their)(his)(her)* testimony in this trial. It is up to you to determine whether *(these statements were)(this statement was)* made and whether *(they were)(it was)* different from the witness*(es)'* testimony in this trial. *(These earlier statements were)(This earlier statement was)* brought to your attention only to help you decide whether to believe the witness*(es)'* testimony here at trial. You cannot use it as proof of the truth of what the witness*(es)* said in the earlier statement*(s)*. You can only use it as one way of evaluating the witness*(es)'* testimony in this trial.

Model Criminal Jury Instructions, 3d Circuit, § 4.22.

## **Defendant's Choice Not to Testify or Present Evidence** [if applicable]

The defendant did not testify and did not present evidence in this case. A defendant has an absolute constitutional right not to testify or to present any evidence. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that the defendant did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

Model Criminal Jury Instructions, 3d Circuit, § 4.27.

42

## **Defendant's Testimony** [if applicable]

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

Model Criminal Jury Instructions, 3d Circuit, § 4.28.

43

## DELIBERATIONS AND VERDICT

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First:    By tradition of this Court, Juror number 1 will serve as your foreperson. This person will speak for the jury here in court. He or she will also preside over your discussions. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second:    I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt. To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third:    If you decide that the government has proved the defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be. You should never consider the possible punishment in reaching your verdict.

Fourth:    As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth:    Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room. In fact, it is

44

your duty to talk with each other about the evidence, and to make every reasonable effort you can

to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each

other's views, and keep an open mind as you listen to what your fellow jurors have to say. Do

not hesitate to change your mind if you are convinced that other jurors are right and that your

original position was wrong. But do not ever change your mind just because other jurors see

things differently, or just to get the case over with. In the end, your vote must be exactly that--

your own vote. It is important for you to reach unanimous agreement, but only if you can do so

honestly and in good conscience. Listen carefully to what the other jurors have to say, and then

decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be

made of what you say. You should all feel free to speak your minds.

Sixth:        Once you start deliberating, do not talk about the case to the court

officials, or to me, or to anyone else except each other. If you have any questions or messages,

your foreperson should write them down on a piece of paper, sign them, and then give them to

the court official who will give them to me. I will first talk to the lawyers about what you have

asked, and I will respond as soon as I can. In the meantime, if possible, continue with your

deliberations on some other subject.

One more thing about messages. Do not ever write down or tell anyone how you or any

one else voted. That should stay secret until you have finished your deliberations. If you have

occasion to communicate with the court while you are deliberating, do not disclose the number of

jurors who have voted to convict or acquit on any offense*(s)*.

Model Criminal Jury Instructions, 3d Circuit, § 3.16.

45

## **Verdict Form**

I have prepared a verdict form that you should use to record your verdict.  The form will be given to the foreperson.

If you decide that the government has proven a charge against a defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proven a charge against a defendant beyond a reasonable doubt, say so by having your foreperson make the appropriate place on the form.  Each of you should then sign the form, put the date on it, and return it to me.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.06

46

**Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved a defendant guilty beyond a reasonable doubt.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.09

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY:    _____
       Keith M. Rosen
       Assistant United States Attorney

Dated: August 20, 2008

47